UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROL LEA VANEGDOM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-0035** |
| **CAROLYN W. COLVIN,** **ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "R" (4)** |

**REPORT AND RECOMMENDATION**

This is an action brought pursuant to **Title 42 U.S.C. § 405(g)** for judicial review of a final decision of the Commissioner of Social Security Administration ("SSA"), denying Carol Vanegdom's ("Vanegdom") claim for Disability Insurance Benefits under the Social Security Act and Supplemental Security Income. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**I.     Factual Summary and Procedural History**

Vanegdom filed an application for disability insurance benefits ("DIB") on December 5, 2012, and Supplemental Security Income ("SSI") alleging a period of disability beginning September 1, 2011, and consisting of Methicillin-Resistant Staphylococcus Aureus (MRSA), diabetes, arthritis in the neck, spine and knees, a gunshot wound to the left hip/buttock area, and carpal tunnel syndrome of both wrists. (Rec. Doc. 14-3, Tr. at 87) Her application was denied at the initial level on February 13, 2013.

Vanegdom filed a timely request for hearing on April 15, 2013.  (Tr. at 7)  A hearing was held before Administrative Law Judge ("ALJ") Joan H. Deans on October 11, 2013.  The ALJ issued an opinion denying Vanegdom's request, finding that she was not under a disability from September 1, 2011, through the November 7, 2013, the date of the decision.

First, the ALJ found that Vanegdom meets the insured status requirements of the Social Security Act ("SSA") through June 30, 2013. (Finding 1, p. 18)  Second, she found that Vanegdom had not engaged in substantial gainful activity since September 1, 2011, the alleged onset date.  (Finding 2, p. 18.)  Third, she found that Vanegdom has medically determinable impairment consisting of degenerative disc disease, degenerative joint disease, hypertension, diabetes mellitus, bilateral carpal tunnel syndrome, and obesity. (Finding 3, p. 18.)  Fourth, Vanegdom did not have an impairment or combination of impairments that met or medically equaled one of the listed level impairments in 20 C.F.R. Part 404.   (Finding 5, p.19.)

Fifth, the ALJ found that Vanegdom had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could not climb ladders, ropes, and scaffolds.   The ALJ further held that she could occasionally perform all other postural movements and frequently use both hands for gripping, gasping, handling, and fingering.  Sixth, the ALJ held that Vanegdom was capable of performing past relevant work as an enumerator and cashier.  She found that her work does not require the performance of work-related activities precluded by Vanegdom's RFC.   Therefore, the ALJ held that Vanegdom has not been under a disability from September 1, 2011, through the date of her decision. (Tr. at 16-25)

Vanegdom filed a request for review of hearing decision with the Appeals Council on November 21, 2013. (Rec. Doc. 14-2, Tr. 1)   The Appeals Council denied her request on November 10, 2014.  (Rec. Doc. 14-2, Tr. 1-4)   Thereafter, on January 7, 2015, Vanegdom filed the instant action in federal court challenging the denial of her request for benefits.   She contends that the ALJ's decision is not based upon substantial evidence because the ALJ found that despite

the presence of carpal tunnel syndrome where her sustained or repetitive use of her hands would result in progressive pain, numbness, and weakness, the ALJ found that she could use her hands "frequently" and that the condition was severe.  Vanegdom further contends that the ALJ erred because her treating physician concluded that she would be required to recline about once or twice a week due to back pain and that this limitation would preclude her from competitive employment. Vanegdom argues that the ALJ cannot provide her own medical opinion and that there is no medical source that contradicts the findings of Dr. Rehman and Dr. Musserat. As a result, Vangedom contends that the ALJ's findings are not based upon substantial evidence.

The Commissioner contends that the ALJ considered the opinion evidence as required by the regulations and therefore he applied the correct standard.  The Commissioner contends that whether the ALJ considers the opinions of acceptable medical sources that the ultimate decision as to the claimants disability and RFC is reserved to the ALJ.   Since the ALJ's decision was based on all the relevant evidence of record and not simply on medical opinions of medical sources, the Commissioner contends that the ALJ's decision is based upon substantial evidence.

## II.     Standard of Review

Under Title 42 U.S.C. § 405(g), the role of this Court on judicial review is to determine whether there is substantial evidence in the record to support the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Secretary.  *Allen v. Schweitker*, 642 F.2d 799, 800 (5th Cir. 1981).   If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *See Richardson*, 402 U.S. at 401. It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a constructive period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). Section 423(d)(3) of the Act further defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Commissioner applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he or she has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he or she has done in the past must be found "not disabled"; and

(5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his or her age, education, past work experience, and RFC must be considered to determine whether he or she can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

### III.     Whether The ALJ Erred In Evaluating Opinion Evidence

Vanegdom contends that both of her treating physicians said that she could not stand/walk nor even sit for six hours of an eight hour day and yet the ALJ without supporting medicals concluded that the physician's opinions were not valid. As a result, the ALJ improperly concluded that Vanegdom could indeed stand/walk six hours of an eight hour day, as is required of "light" work. (Rec. Doc. 15, P. 2)   Based upon this premise, Vanegdom contends that the ALJ found that the claimant could perform both past relevant work and other work that exists in substantial numbers in the economy.

The Commissioner contends that the ALJ's opinion is based upon substantial evidence because she considered the opinion evidence as required but the ultimate decision of the claimant's RFC is reserved to the ALJ and is based on all of the relevant evidence of record.   Contrary to the suggestion of the claimant, the Commissioner contends that the RFC is not based on solely the opinions of medical sources in the record although they are certainly a part of the consideration.

According to the record, the ALJ concluded that Vanegdom retained the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could not climb ladders, ropes, and scaffolds.  She could, however, occasionally perform all other postural movements and frequently use both hands for gripping, gasping, handling, and fingering.  (Rec.

Doc. 14-2, Tr. 19)  The ALJ further noted that in making this finding that she considered all symptoms to the extent they could be reasonably accepted as consistent with the objective medical evidence.  She also noted that she consider the opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.  *Id.*

The ALJ noted Vanegdom's testimony that she has hand and back pain which stopped her from working. (Rec. Doc. 14-2, Tr. 20)  She noted that, according to Vanegdom, the pain radiates down to her legs and there is a constant dull ache in her back. *Id.* She noted that Vanegdom testified that she is able to lift and carry ten pounds but if any more weight were added that she would drop what she was carrying. *Id.* The ALJ further noted that despite these limitations, Vanegdom testified that she is able to do household chores although it might take her longer. *Id.* She noted that Vanegdom operates a breeding farm where she farms and breeds rabbits and guinea pigs for sale and spends two hours a day handling the animals. *Id.*  She noted that according to her testimony, on her bad days that it might take three hours to care for the guinea pigs and rabbits and that Vanegdom's husband and son helped her fill the water bottles and carry the feed buckets and clean the barn. *Id.*

The ALJ found that Vanegdom's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible.  The ALJ proceeded to thoroughly address Vanegdom's impairments and regarding the carpal tunnel syndrome she noted that in 1993 she was diagnosed with carpal tunnel bilaterally with no surgery recommended. *Id.*  Vanegdom thereafter told Dr. Dijamco, according to the ALJ, that the impairments which

included the gunshot wound, diabetes, carpal tunnel syndrome, neck, back, and left knee pain prevented her from working. *Id.*

The ALJ noted Dr. Rehman's medical source statement that Vanegdom had severe limitations which prevented her from being able to stand and walk for six hours out of an eight hour workday. However, the ALJ noted that the medical records and treatment records did not support the limitation and declined to give the limitation finding controlling weight.

The ALJ further noted deficits in function that were more severe than noted in the treatment records. The ALJ noted that Dr. Mussarat's opinion was materially different from Dr. Rehman and that he concluded that Vanegdom would have pain, numbness, and weakness with sustained or repetitive use of her hands. The ALJ noted that Dr. Mussarat referenced a treatment record of an EMG that showed markedly severe bilateral carpal tunnel syndrome but that it was not included in the records and there is no evidence that the ALJ sought the supplementation of the record to include in the review. The ALJ thereafter refused to give Dr. Mussarat's opinion controlling weight except to the extent that it would preclude repetitive use of hands noting that her RFC allowed for less than repetitive use of hands. (Rec. Doc. 23, Tr. 23)

The ALJ therefore found that Vanegdom's overall functioning was not limited in standing or walking and that she had a normal gait and station with normal strength as well as bulk and tone suggesting that she effectively uses her muscles on a daily basis. (Tr. 23) He further noted that her standing and walking were normal and that she had a normal straight leg raising with no muscle spasms suggesting an inability to engage in postural movements on an occasional basis. (Id.) The ALJ noted that although Dr. Dijamco, a consultative examiner, did not supply a RFC, he found that the objective findings were credible. He therefore concluded that Dr. Dijamco's

objective findings were supported by the claimant's treatment records and gave great weight to his findings. (Rec. Doc. 14-2, Tr. 23)

The issue before the Court is whether the ALJ without an RFC can discount the treating physician's medical opinion and rely upon his own interpretation of the medical records as support for his functional limitation.  Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that treating physicians opinions are not conclusive and may be assigned little or no weight when good cause is shown. *Dye v. Colvin,* 2015 U.S. Dist. Lexis 10449 (M.D. La 2015).

The Commissioner cites *Dye,* in support of its position that the ALJ's RFC finding is based upon substantial evidence. In *Dye* the Court affirmed the RFC finding after discrediting the treating physician's opinion.  The claimant alleged that the ALJ did not apply the proper legal standard in evaluating his credibility and the opinions of the treating physician.  Having determined that the proper legal standard was used regarding the credibility assessment and her treating physician's opinion, the court affirmed the decision.  The Court did not consider *Williams v. Astru,* 355 Fed. App'x 828 (5th Cir. 2009) in its decision nor whether the ALJ with no medical opinion could interpret the medical records for its RFC finding.

In *Williams*, however, the Fifth Circuit was presented with the issue when the ALJ refused to give controlling weight to three of the claimant's doctors for varying reasons and discounted the opinion of the doctor who completed the RFC form. Like the ALJ in this case, the ALJ in *Williams* based his RFC finding on the objective medical evidence but there was no evidence to suggest that Williams could perform light work.  The court noted also that the ALJ failed to consider the physical therapy note that Williams still could not stand for thirty minutes

after completing her treatment even though there was some noted improvement in her function. As a result the court held that William's RFC was not supported by substantial evidence.

In this case, the Court conducted a review of the evidence and there is no RFC in the record.  (Rec. Doc. 14-3, Tr. 90 & 95)  Nonetheless, the ALJ after conducting a review of the medical evidence assigned an RFC without the benefit of any medical opinion support.   The ALJ found that Vanegdom's overall functioning was restricted to lifting and carrying of weights no greater than 10 pounds on a frequent basis and no greater than 20 pounds on an occasional basis. It is unclear how the ALJ determined the lifting and weight restriction.

The ALJ also held that there is no evidence to suggest significant deficits in standing and walking. (Tr. 23)   The ALJ proceeded to explain her conclusions based on the medical evidence such as normal gait, negative straight leg raising pain, and limited motions. (Tr. 23) However, the ALJ is prohibited from relying on her own unsupported opinions to support the limitations presented by the claimant's medical condition.   Therefore, the Court finds that the ALJ's opinion in this case is not supported by substantial evidence.

## IV.   Recommendation

Accordingly,

For the reasons assigned herein, it is **RECOMMENDED** that the ALJ's decision denying Vanegdom's Disability Insurance Benefits and Application for Supplemental Security Income be **REVERSED AND REMANDED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 28th day of January, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**