UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROL LEA VANEGDOM | CIVIL ACTION |
| VERSUS | NO:    15-35 |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: "R" (4) |

REPORT AND RECOMMENDATION

The Plaintiff, Carol Lea Vanegdom ("Plaintiff"), has filed a **Motion for Attorney's Fees (R. Doc. 21)** pursuant to the Equal Access to Justice Act ("EAJA"). The matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636 (b)(1)(B).[1]

I.    **Background**

On January 7, 2015, the Plaintiff filed a complaint against the Defendant, Carolyn W. Colvin, the acting Commissioner of the Social Security Administration ("the Commissioner"). (Rec. Doc. 1, p. 1). The Plaintiff alleged that the Commissioner improperly denied her disability insurance benefits. *Id.*

The Magistrate Judge issued a Report and Recommendation on January 28, 2016, recommending that the Commissioner's decision to deny the Plaintiff's disability insurance benefits be reversed and remanded. (Rec. Doc. 18). The Report and Recommendation was adopted. (Rec. Doc. 19). The Court accordingly remanded the matter for a new hearing and a reconsideration of the record. (Rec. Doc. 20).

---

[1] *See* Rec. doc. 25, Order of Reference (Vance, S.).

On March 17, 2016, the Plaintiff filed a motion for attorney's fees pursuant to EAJA, 28 U.S.C. § 2412 (d)(1)(A). (Rec. Doc. 21). The Plaintiff requested attorney's fees of $4,222.58[2] which represents 22.05 hours of work at a rate of $191.50 per hour. (Rec. Doc. 21-2, p. 2). The Commissioner filed a response in opposition on March 24, 2016. (Rec. Doc 23). The Commissioner only disputes the Plaintiff's requested hourly rate. *Id.* at 1.

## II.      Scope of Recoverable EAJA Fees

Under EAJA, a prevailing party is entitled to attorney's fees in any civil action brought by or against the United States unless the court finds that the United States was "substantially justified or that special circumstances make an award unjust". *See* 28 U.S.C. § 2412 (d)(1)(A). Section 2412 (d) serves two purposes: "to ensure adequate representation for those who need it and to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988) (emphasis added). Both goals need to be considered when evaluating the Plaintiff's motion.

There is no dispute that the Plaintiff was the prevailing party, the application of fees was timely and proper, the Commissioner's position was not substantially justified, or that the amount of hours requested was reasonable. The only issue is the hourly rate to be awarded. The Court must determine what hourly rate for fees would be reasonable.

## III.      Reasonable Hourly Rate

The Court must determine a reasonable hourly rate to award.[3] Under Title 28 U.S.C. § 2412(d)(2)(A), reasonable attorney's fees are "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of

---

[2] Plaintiff's motion states that its requests $4,203.50 for a total of 22.05 (19.05 + 3) hours of attorney time at an hourly rate of $191.50. However, Plaintiff miscalculated the requested amount as 22.05 hours multiplied by an hourly rate of $191.50 equals $4,222.58.

[3] *See Clark v. Am. Marine Corp.*, 320 F. Supp. 709, 711 (E.D. La. 1970), aff'd, 437 F.2d 959 (5th Cir. 1971). In reference to attorneys' fees, "the criterion for the court is not what the parties agreed but what is reasonable".

$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Using measures like the attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services, the Fifth Circuit has applied the "lodstar" method for determining the reasonableness of attorneys' fees. *Brown v. Sullivan*, 917 F.2d 189, 190 (5th Cir. 1990). Under this approach, "the number of attorney hours expended on litigation multiplied by a reasonable hourly rate" is what is known as "lodstar". *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However the product of the lodstar calculation can be adjusted based on the 12 factors established in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).

Additionally based on the statute, other adjustments can be made to the attorneys' fees. Any requested rates higher than the statutory cap of $125 needs to be justified by an increase in the cost of living or a special factor. However while the statute allows for hourly rate adjustment, it does not require it. *Id.* at 1075. EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006).

## IV.   The Prevailing Market Rate

The Plaintiff carries the burden of proof for showing that the requested rate is in line with the prevailing market rate. *See Blum v. Stenson*, 468 U.S. 886, 895 n. 11 (1984). The Plaintiff contends that she is entitled to attorneys' fees in the amount of $4,222.50, based on an hourly rate of $191.50 per hour. The plaintiff has not provided any information concerning the prevailing market rate. While case law, however, shows that the prevailing rate is $175 in New Orleans. *See*

*Kolb v. Colvin*, 2016 WL 258621 at *2 (E.D. La. Jan. 27, 2016) (Brown, J.)("This Court has previously awarded attorneys' fees at a rate of $175 per hour in Social Security appeals for work performed in 2013, 2014, and 2015"); *Hallaron v. Colvin*, 2015 WL 4042144 La. June 30, 2015 (Vance, J.); *Dubois v. Social Sec. Admin.*, 2014 WL 6485639 (E.D. La. Nov. 18, 2014). Because the Plaintiff has not provided any evidence on the prevailing hourly rate, an hourly rate of $175 is reasonable.

## V.     The Cost of Living Adjustment

The Plaintiff further contends that rates higher than the $125 statutory cap can be adjusted based on changes in the cost of living. "When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The Plaintiff argues that because the Consumer Price Index for Urban consumers ("CPI-U") was 155.7 in March 1996 and the figure increased by 52% in 2015, a 52% increase in the $125 statutory yields about $191, which justifies the rate in excess of the $125 cap. (Rec. Doc. 21-2, 3).

However, the Fifth Circuit has rejected the argument that increases in the EAJA statutory cap must precisely track increases in the cost of living. *Baker*, 839 F.2d at 1084. Thus, while the rate requested by the Plaintiff is consistent with the CPI-U, the Fifth Circuit has characterized figures adjusted for cost of living as the maximum: "Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981."*Id.*[4]

Additionally, the use of CPI-U for an entire United States region is a poor indicator of the market for legal work in New Orleans.  The CPI for the "'South urban region'" measures changes

---

[4] EAJA was amended in 1996 to increase the statutory cap from $75 to $125 per hour. 28 U.S.C. §2412.

in the prices paid for a 'representative basket of goods and services' by urban consumers in Texas, Oklahoma, Arkansas, Louisiana, Mississippi, Alabama, Georgia, Florida, South Carolina, North Carolina, Tennessee, Kentucky, Virginia, West Virginia, and Maryland." *Buckley v. Colvin*, 2013 WL 5533154, at *1 (E.D. La. Oct. 3, 2013) (quoting Consumer Price Index, U.S. Dep't of Labor Bureau of Labor Statistics, http://www.bls.gov/cpi/home.htm (last visited Sep. 17, 2013)). While cost of living adjustments such as the CPI-U are considered, the adjustments are not conclusive. Therefore, a cost of living adjustment is not warranted in this case.

## VI.     Hours Reasonably Expended

Next, the Court must determine whether the attorney's time spent on this case is reasonable. The fee applicant bears the burden of supporting the reasonableness of all time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Moreover, district courts have considerable discretion in this area because of its familiarity with the case and the attorneys. *See Associated Builder & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). Since the 19.05 hours requested by the plaintiffs is not in dispute, the Court finds the 19.05 hours expended by counsel is reasonable. (Rec. Doc. 21-2, 2).

The Plaintiff also seeks to recover 3 hours spent preparing the EAJA petition. *Id*. While the time spent preparing the petition is reasonable, the Plaintiff did not submit a billing statement for those hours. "In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed." LR 54.2.

Since the Plaintiff failed to include a statement for the 3 hours preparing the EAJA petition, the hours will be reduced to 1.5 hours. Thus, the total reasonable hours expended by Plaintiff is

20.55 hours.[5] Accordingly, it is recommended that Plaintiff be awarded a reasonable attorney's fees award of $3,596.25 (20.55 hours x $175 hourly rate).

## VII.    Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's **Motion for Attorneys' Fees (Rec. Doc. 21)** be **GRANTED** and that the Plaintiff be awarded reasonable attorney's fees in the amount of **$3,596.25**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of June 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]This account for 19.05 hours plus 1.5 hours.