UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROL LEA VANEGDOM                                     CIVIL ACTION

VERSUS                                                 NO. 15-35

CAROLYN W. COLVIN                                      SECTION: R (4)
ACTING COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION

## **ORDER**

The Court, finding that as of this date neither party has filed any objections to the Magistrate Judge's Report and Recommendation,[1] hereby approves the Report as modified herein.

The Equal Access to Justice Act (EAJA) provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (2012). As found by the Magistrate[2] and conceded by the Government,[3] the appropriate market rate

---

[1]   R. Doc. 26.

[2]   R. Doc. 26 at 3-4.

1

for work performed in Social Security appeals in the Eastern District of Louisiana is $175 per hour. *See, e.g.*, *Kolb v. Colvin*, No. 13-5085, 2016 WL 258621, at *3 (E.D. La. Jan. 21, 2016); *Joiner v. Colvin*, No. 14-1315, 2015 WL 6442710, at *1 (E.D. La. Oct. 23, 2015); *Hallaron v. Colvin*, No. 12-2051, 2015 WL 4042144, at *2 (E.D. La. July 1, 2015). This rate is higher than the statutory cap of $125 per hour, and therefore must be justified by either a special factor or an increase in the cost of living. *See Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995). Adjustments to the cap based on the cost of living are routine. *Id.* at 369 (citing *Pierce v. Underwood*, 487 U.S. 552, 571-74 (1988)) (finding that the Supreme Court has "treated cost of living adjustment as part of the cap itself").

Here, increases in the cost of living permit the hourly rate to exceed the statutory cap. Cost-of-living adjustments are measured from when Congress raised the cap to $125 per hour, March 1996, to the year in which the attorney worked. *See* Contract with America Advancement Act of 1996, Pub. L. No. 104–121, § 232, 110 Stat 847 (1996) (codified as amended at 28 U.S.C. § 2412); *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992) (holding that inflation must be calculated according to the year in which the work was performed to avoid awarding interest against the United States);

---

3      R. Doc. 23 at 3.

*Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (holding that the calculation begins at the date the cap was enacted). Attorney Spurlock's representation in late 2014 provides the most conservative cap amount.[4] The Court finds that the Consumer Price Index for All Urban Consumers (CPI-U) is an appropriate measure of inflation, *see Bode v. United States*, 919 F.2d 1044, n.8 (5th Cir. 1990) (finding the CPI-U appropriate for an analogous attorney fee provision), and that its use is consistent with other courts in this district, *see, e.g.*, *Kolb*, 2016 WL 258621, at *2; *J.M. v. Soc. Sec. Admin.*, No. 14-79, 2015 WL 6438897, at *2, n.3 (E.D. La. Oct. 21, 2015).[5] The CPI-U rose from 155.7 in March of 1996 to 237.1 in the second half of 2014, an increase of 52.3 percent. *See* Bureau of Labor Statistics, U.S. Dep't of Labor, CPI Detailed Report 93, 125 (Malik Crawford *et al.* eds. Jan. 2015), http://www.bls.gov/cpi/cpid1501.pdf. A corresponding increase in the statutory cap raises it to $190.38 per hour. This increase does not, however, alter the statute's mandate to award reasonable fees.

---

[4] *See* R. Doc. 21-1. The precise amount that inflation increased from 2014 to 2015 and 2016 is not relevant because the 2014 data already pushes the cap above the market rate.

[5] Using the CPI for All Urban Consumers in the South urban region would also raise the cap to more than $175. *See Databases, Tables & Calculators by Subject*, Bureau of Labor Statistics, U.S. Dep't of Labor, http://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series _id=CUUR0300SA0,CUUS0300SA0 (last visited Sept. 13, 2016).

*Hall*, 50 F.3d at 370. It merely changes the maximum amount that may be awarded. *Id.*

Therefore, the Court finds that the hourly rate of $175 is both reasonable and, because it is less than the modified statutory cap, allowable. Applying this rate to the 20.55 hours of work found by the Magistrate[6] and conceded by the Government[7] yields a total of $3,596.25.

Accordingly, Plaintiff Carol Vanegdom's motion for Attorney's Fees is GRANTED and the Court awards Carol Vanegdom attorney's fees in the amount of $3,596.25.

New Orleans, Louisiana, this __16th__ day of September, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. 26 at 5-6.

[7] *See* R. Doc. 23 at 1. The Government appears to have overlooked Vanegdom's request for an additional three hours of work preparing the EAJA petition, but made no objection to the Magistrate's Report and Recommendation. *See id.*; R. Doc. 26 at 6.